LOVELL STEWART HALEBIAN LLP
John Halebian (JH-8005)
500 Fifth Avenue
New York, NY 10110
Tel:    (212) 608-1900
Fax:    (212) 719-4677
Attorneys for Plaintiffs
[Additional Plaintiffs' Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALAN B. KRICHMAN and JAMES C. HOWELL, individually, and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>            vs.<br><br>JPMORGAN CHASE & CO., CHASE INVESTMENT SERVICES CORP., sometimes dba "JPMORGAN", JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>                        Defendants. | Civil Action No. 06-CV-15305 (GBD)<br><br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded<br>ECF CASE |

**NATURE OF THE ACTION**

1.     Plaintiffs, Alan B. Krichman, whose address is 726 Mabie Street, New Milford, NJ 07646, and James C. Howell, whose address is 31 Lilac Drive, Syosset, NY 11791, by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters. Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the New York Labor Laws and the Federal Fair

Labor Standards Act and other wrongful conduct and improper labor practices committed by defendants JPMorgan Chase & Co., whose address is 270 Park Avenue, New York, NY 10017 and Chase Investment Services Corp., sometimes dba "JPMorgan", whose addresses are 300 South Riverside Plaza, 420 West Van Buren Street, 19th Floor, Chicago, IL 60606 and 270 Park Avenue, 38th Floor, New York, NY 10017-2014 ("defendants").

2.      Plaintiffs seek to bring this lawsuit as a class action pursuant to Fed.R.Civ.P. 23 and as a collective action under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiffs seeks to represent securities brokers, also known as financial consultants (collectively, "Securities Brokers") and financial consultant trainees, also referred to as financial consultant associates (collectively, "Trainees") who were employed by defendants on a commission basis and to whom defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law.  In addition, plaintiffs and other Securities Brokers and Trainees were subjected to unlawful deductions from their pay by defendants and/or were unlawfully compelled to pay for defendants' business expenses and were unlawfully charged back for commissions and the actual value of stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.  The classes that plaintiffs seek to represent include (a) the "Federal Class" that consists of all individuals who were or are employed by defendants as Securities Brokers and Trainees in the United States of America at any time since November 28, 2003 (the "Federal Class Period") and (b)  the "New York Class" that consists of all individuals employed by defendants as Securities Brokers and Trainees in the State of New York at any time since November 28, 2000 (the "New York Class Period").  The term "Classes" shall include the Federal Class and the New York Class and the term "Class Periods" shall include the Federal Class Period and the New York Class Period.

3.      Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay the Federal Class overtime pay for a work week longer than forty (40) hours.

4.      Defendants violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

> a.      Defendants violated 12 NYCRR § 142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek.
>
> b.      Defendants violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to pay for support staff and other overhead expenses.

5.      As a result of defendants' violation of the FLSA and New York Labor Laws, plaintiffs and members of the Classes were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

7.      Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because the named defendants are resident in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8.     During the Class Periods, plaintiff Alan B. Krichman was employed by defendant Chase Investment Services Corp., sometimes dba "JPMorgan" as a securities broker-inside sales person, also known as a financial advisor.  During his employment, plaintiff lived in the State of New Jersy and worked in the Borough of Manhattan, New York County, State of New York. Plaintiff began his employment with defendant Chase Investment Services Corp., sometimes dba "JPMorgan", a wholly owned subsidiary entity of defendant JPMorgan Chase & Co., in or about July, 2004, and plaintiff was thereafter employed by defendant Chase Investment Services Corp., sometimes dba "JPMorgan", until on or about September 30, 2005.

9.     During the Class Periods, plaintiff James C. Howell was employed by defendant Chase Investment Services Corp., sometimes dba "JPMorgan" as a securities broker-inside sales person, also known as a financial advisor.  During his employment, plaintiff lived in Nassau County and worked in the Borough of Manhattan, New York County, State of New York. Plaintiff began his employment with defendant Chase Investment Services Corp., sometimes dba "JPMorgan", a wholly owned subsidiary entity of defendant JPMorgan Chase & Co., in or about August, 2002 and plaintiff was thereafter employed by defendant Chase Investment Services Corp., sometimes dba "JPMorgan", until on or about April, 2003.

10.     During the Class Periods, defendant JPMorgan Chase & Co., was and is a Delaware corporation with its principal place of business in the State of New York, doing business in the State of New York, and is the parent company of defendant Chase Investment Services Corp., sometimes dba "JPMorgan", which was and is a Delaware corporation with its principal places of business in the States of Illinois and New York, doing business as a NASD registered securities brokerage firm with offices located in New York, and throughout the United

States and is and was during the Class Periods a wholly owned subsidiary and the brokerage arm of JPMorgan Chase & Co.  During the Class Periods, defendant Chase Investment Services Corp., sometimes dba "JPMorgan", has maintained offices in the Borough of Manhattan, New York County, State of New York, where plaintiffs were employed, and in other locations in the State of New York, and has conducted business at those locations.  Defendant Chase Investment Services Corp., sometimes dba "JPMorgan", employs over 500 Security Brokers and Trainees at any one time in the State of New York alone, and plaintiffs estimate that the Classes far exceed that amount in total number of participants during the relevant statute of limitations periods.

11.     Defendants, John Does 1-50, are fictitious names for individuals who may be responsible for the wrongful conduct and labor practices that caused harm to the plaintiffs, the true names and capacities of which are unknown to plaintiffs, but plaintiffs will amend the Complaint when and if the true names of said defendants become known to them.

12.     Defendants, ABC Corporations 1-50, are fictitious names for companies, partnerships, joint ventures and/or corporations who may be responsible for the wrongful conduct and labor practices that caused harm to the plaintiffs, the true names and capacities of which are unknown to plaintiffs, but plaintiffs will amend the Complaint when and if the true names of said defendants become known to them.

13.     Plaintiffs, upon information and belief, allege that during the Class Periods, each defendant was the agent and employee of all other defendants, and in performing the acts alleged in this Complaint was acting within the course and scope of that agency and employment and any reference to "defendant" or "defendants" shall mean "defendants and each of them", including the Chase defendants and the fictitious defendants.  Defendants are individually, jointly and severally liable as the employers of the plaintiffs and each plaintiff class member

because each defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of plaintiffs.

<u>**CLASS ACTION ALLEGATIONS**</u>

14.   Plaintiffs, Alan B. Krichman and James C. Howell bring this action on behalf of themselves, and the Federal Class pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of themselves and the New York Class pursuant to Fed.R.Civ.P. 23.

15.   Plaintiffs are informed and believe that there are over 500 people within the New York Class and over 2000 people within the Federal Class, and each Class is so numerous that joinder is impractical.

16.   There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over questions which may affect only individual members of each of the Classes, including the following:

a.   Whether defendants failed to adequately compensate the members of the Federal Class for overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and failed to adequately compensate the members of the New York Class for overtime hours worked as required by NYCRR § 142-2.2, because plaintiffs and members of the Classes are not exempt employees under the FLSA or NY Labor Law and NYCRR § 142-2.2.

b.   Whether defendants wrongfully deducted monies from the New York Class members' wages and/or otherwise required New York Class members to pay for support staff and other overhead expenses and for reversed trades in violation of New York Labor Law § 193.

c.    Whether the members of the Classes have been damaged and, if so, the extent of such damages.

17.    As employees of defendants, which failed to adequately compensate plaintiffs for overtime hours worked as required by law, and improperly charged them for expenses, plaintiffs are asserting claims that are typical of the claims of the Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have no interests antagonistic to those of the other members of the Classes. Plaintiffs have retained counsel who is competent and experienced in the prosecution of class action litigation.

18.    Plaintiffs and other members of the Classes have suffered damages as a result of defendants' wrongful conduct. Because of the size of the claims of the individual members of the Classes, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the members of the Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of FLSA § 207, New York Labor Law § 193 and NYCRR § 142-2.2.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19.    Defendants sold and sell securities and other financial products with offices nationwide.

20.    Plaintiffs, Alan B. Krichman and James C. Howell were inside sales persons whom defendants paid on a commission basis without any premium for overtime pay as required by law.

21.    Defendants required every securities broker to pay additional wages to the brokers' assistant(s) for doing the business of defendant.

22.     Defendants also charged and/or refused to compensate the members of the Classes for other costs of doing business.

23.     If a customer challenged the transactions done for their benefit by the securities broker members of the Classes, defendants would deduct the amount of any loss from the commissions due the securities broker both for the actual losses incurred by the customer and any commission paid on that transaction.

24.     Plaintiffs and the members of the New York Class were not "professionals" as defined by 12 NYCRR § 142.2.14(c)(4)(iii), and did not perform executive or administrative functions as defined in 12 NYCCR §§ 142-2.14(c)(4)(i) and 142-2.14(c)(ii).

25.     Plaintiffs and other members of the Classes were not, and are not, outside salesmen as defined in the FLSA since they performed their sales functions inside defendants' offices.

## FIRST CLAIM FOR RELIEF
### Restitution for Failure to Pay Overtime to the Federal Class
### (Violation of FLSA § 207)

26.     Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

27.     Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

28.     Section 207(i) of the Federal Fair Labor Standards Act provides for certain

exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of
> this section - mandate to compensate employees for overtime] by
> employing any employee of a **retail or service establishment** for
> a workweek in excess of the applicable work week specified
> therein, if (1) the regular rate of pay of such employee is in excess
> of one and one-half times the minimum hourly rate applicable to
> him under section 6 [29 U.S.C. § 206], and (2) more than half his
> compensation for a representative period (not less than one month)
> represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

29.     The Section 207(i) exemption does not apply to the Federal Class herein because

brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the

Secretary of Labor's regulations provides a "partial list of establishments to which the retail

concept [and thus the section 207(i) exemption] does not apply." 29 U.S.C. § 779.317 (2005).

Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers,

[and] ... securities dealers." *Id.*

30.     Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the

overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive, administrative,**
> or **professional capacity** (including any employee employed in the
> capacity of academic administrative personnel or teacher in
> elementary or secondary school), or in the capacity of **outside**
> **salesman** (as such terms are defined and delimited from time to
> time by regulations of the Secretary, subject to the provisions of
> the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except
> than [*sic*] an employee of a retail or service establishment shall not
> be excluded from the definition of employee employed in a bona
> fide executive or administrative capacity because of the number of
> hours in his work week which he devotes to activities not directly
> or closely related to the performance of his executive or
> administrative activities, if less than 40 per centum of his hours
> worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

31.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who work on commission are not employed in a bona fide professional capacity.

32.    The professional exemption does not apply to the plaintiffs or to the members of the Federal Class because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

33.    In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  Although many members of the Federal Class hold advanced degrees in business, many do not, and the degree in business is a general degree rather than a degree related to work as a stock broker.  There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

34.    The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because neither plaintiffs nor the members of the Classes were, or are, outside salespersons.

35.    The Federal Class under the Fair Labor Standards Act includes all securities broker employees of defendants in the United States.

36.    For purposes of the Fair Labor Standards Act, the employment practices of defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

37.    Because plaintiffs and the other members of the Federal Class were employed at the defendants' places of business, the outside salesman exemption does not apply to them.

38.    There are no other exemptions applicable to plaintiffs and/or to members of the Federal Class.

39.    In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, defendants acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to plaintiffs and members of the Federal Class.

40.    As a result of defendants' failure to pay overtime, plaintiffs and the members of the Federal Class were damaged in an amount to be proved at trial.

41.    Therefore, plaintiffs demand that they and the members of the Federal Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime to Securities Brokers As Required By New York Law)**
**(Violation of NYCRR § 142-2.2)**

42.    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

43.    NYCRR § 142-2.2 (2005), provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 as Amended, provided,

however that the exemptions set forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

NYCRR § 142-2.2 (2005).

44.    The Federal Fair Labor Standards Act and New York Law require the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of 40 hours a week.

45.    Both New York and Federal overtime law exempt from these overtime premium pay requirements certain "white collar" employees employed in a bone fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.

46.    Plaintiffs are not part of any group exempt from the overtime requirements of New York law.

47.    Plaintiffs regularly worked more than 40 hours per week for defendants and received no premium pay for hours worked in excess of 40 hours per week.

48.    Therefore, plaintiffs demand that they and all members of the New York Class be paid overtime compensation as required by the New York Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys fees as provided by law.

### THIRD CLAIM FOR RELIEF
### (Impermissible Deductions from Employee Wages)

49.    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

50.    New York's Labor Law expressly prohibits an employer from making unauthorized deductions from employees' wages. Nowhere in said statute is an employer, such as defendants, authorized to deduct from plaintiffs' pay, or the pay of similarly situated employees, wages payable to other employees of defendants.

51.    New York Labor Law § 193 provides:

**Deductions from wages:**

1.    No employer shall make any deductions from the wages of an employee, except deductions which:

a.    are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

b.    are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2.    No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law § 193 (Consol. 2004).

52.    Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

53.    Wages are defined as "the earnings of an employee for labor or services rendered, regardless or whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1)(Consol. 2004).

54.     Nevertheless, defendants, pursuant to a unilaterally-established and illegal policy, required plaintiffs and plaintiff class members to pay additional sums to defendant's other employees for the labor necessary to complete the work.

55.     As such, plaintiffs and the members of the New York Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers which have not yet been reimbursed by defendants.

56.     Thus, plaintiffs and the members of the New York Class were forced to contribute to the capital and expenses of the defendants' business which contributions must be refunded by defendants to each plaintiff class member.

57.     Therefore, plaintiffs demand on behalf of themselves and on behalf of the members of the New York Class, reimbursement for expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, with interest and attorneys fees.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

58.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

59.     The conduct of the plaintiffs and members of the Classes and the defendants including the promise of the Chase defendants to pay plaintiffs and members of the Classes all amounts due to them and to members of the Classes in exchange for performance of the duties of their employment, including plaintiffs' and members of the Classes' performance as

14

securities brokers, in compliance with state and/or federal law, constitutes a valid contract between the parties.

60.     This contract was supported by good and adequate consideration.

61.     Under the express and implied terms of said contract, securities brokers were to be compensated in accordance with State law.  Plaintiffs and members of the Classes were informed of these terms by defendants and relied on them to their detriment when they became employees of defendants and while they remained employed in that capacity.

62.     Accordingly, plaintiffs and members of the Classes were to be compensated in accordance with NYCRR §142-2.2 (2005).

63.     For purposes of this contract, an employee is defined as "any person employed for hire by an employer in any employment." N.Y. LAB. LAW §190 (2005).

64.     Plaintiffs and all other employees employed by defendants during the New York Class Period regularly worked more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours.

65.     For purposes of this contract, certain securities brokers are categorized as "commission salesmen" employees under the New York Labor Law.  "Commission salesman" is defined as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Lab. Law § 190.

66.     For purposes of this contract, the commissions of "commission salesmen" are "wages" within the meaning of New York Labor Law § 190 and, therefore, subject to the overtime pay requirements of New York Labor Law § 193.

67.     Employees in defendants' New York offices, including plaintiffs, those compensated on a commission basis as well as salaried broker trainees, are thus "employees" who receive "wages" within the meaning of New York Labor Law §§ 190(1) and 193.

68.     For purposes of this contract, under NYCRR § 142-2.2, members of the New York Class, including those compensated on a commission basis as well as salaried broker trainees, are not subject to the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

69.     In addition, 12 NYCRR § 142-2.14 limits the administrative exemption to employees whose primary duty consists of the "performance of office or non manual field work directly related to management policies or general operations *of such individual's employer*" (emphasis added) and, unlike the federal regulations, does not include employees whose primary duty is to perform support functions for the employer's *customers*.

70.     Employees whose primary duty is to perform support services for the defendants' customers, for which defendants are paid, are production employees not entitled to the administrative exemption. Specifically, the last sentence of 29 C.F.R. § 541.203(b) states that "an employee whose primary duty is selling financial products does not qualify for the administrative exemption."

71.     For purposes of this contract, a defendant further bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

72.     Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and, thus, the absence of one of the requirements for the exemption ends the inquiry.

73.     Plaintiffs and the other members of the Classes do not meet the definition of an administrative employee contained in 12 NYCRR § 142-2.14 because their primary duties do not "consist of the performance of office or non manual field work directly related to management policies or general operations of such individual's employer."

74.     For purposes of this contract, there are no other exemptions applicable to plaintiffs and the other members of the Classes.

75.     As a result of defendants' failure to pay overtime, plaintiffs and the members of the Classes were damaged in an amount to be proved at trial.

76.     Plaintiffs and the other members of the Classes fully performed all of the duties and obligations imposed upon them pursuant to their contracts with the Chase defendants.

77.     The conduct of defendants , in failing to pay the plaintiffs and the other members of the Classes all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

<u>**FIFTH CLAIM FOR RELIEF**</u>
**(Chargebacks)**

78.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

79.     Defendants, pursuant to a unilaterally-established and illegal policy, charged back both commissions and the actual value of the stock losses allegedly caused by the security broker employee through simple negligence or no fault of the employee at all.

80.     This is a species of cash shortages prohibited from being charged back.

81.     Defendants systematically underpaid its employees by holding back a significant portion of commissions for its own purposes to pay others, and then either paying the wages later than the time required by the New York Labor Law or simply not paying them at all.

82.     Defendants did not pay plaintiffs and/or the other members of the Classes all wages due as required by the New York Labor Law, and still have not paid such amounts which remain due and owing.

83.     Therefore, plaintiffs demand an accounting and payment of all wages due to them and to the other members of the Classes, plus interest and attorneys fees allowed by law.

WHEREFORE, in accordance with all of the above claims in the First through Fifth Claims for Relief, inclusive, plaintiffs demand judgment in their favor and in favor of the other members of the Classes and against defendants, individually, jointly and severally, for:

A.      Compensatory damages, according to proof at trial, including compensatory damages and restitution for both regular and overtime compensation due plaintiffs and the other members of the Classes, during the applicable Class Periods plus interest thereon at the statutory rate;

B.      Restitution and reimbursement to plaintiffs and to the other members of the New York Class of all employee expenses not reimbursed by defendants, during the New York Class Period, including: expenses incurred to pay assistants and other employees of defendants, all commissions charged back to plaintiffs and to the other members of the New York Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by defendants, including any gain on any incomplete or undone trades;

C.      An order temporarily, preliminarily and permanently enjoining and restraining defendants from engaging in similar unlawful conduct as set forth herein;

D.      An order requiring defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to plaintiffs and the other members of the Classes;

E.    Imposition of a constructive trust upon the assets of the defendants to the extent

of the sums due to plaintiffs and to members of the plaintiff Classes herein;

F.    Declaratory relief including declarations setting forth the rights of plaintiffs and

the members of the Classes as alleged in this Complaint, and setting forth the defendants'

violations of those rights;

G.    Interest;

H.    Reasonable attorneys fees and costs of suit; and

I.    Such other and further relief as the Court deems just and equitable; however, no

penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under

New York law are sought in this action and are expressly waived.

Plaintiffs demand a trial by jury for all matters so triable.

LOVELL STEWART HALEBIAN LLP

Dated: December 18, 2006
New York, New York

By
John Halebian (JH-8005)
500 Fifth Avenue
New York, NY 10110
Tel:    (212) 608-1900
Fax:    (212) 719-4677

Attorneys for Plaintiffs

Of Counsel:

KENNETH K. LEHN
EDWARD P. D'ALESSIO
WINNE, BANTA, HETHERINGTON,
    BASRALIAN & KAHN, P.C.
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, NJ 07601
Tel:    (201) 487-3800
Fax:    (201) 487-8529

JERRY K. CIMMET
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA 94402
Tel:    (650) 866-4700
Fax:    (650) 866-4770

JOHN M. KELSON
LAW OFFICES OF
    JOHN M. KELSON
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel:    (510) 465-1326
Fax:    (510) 465-0871