UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN B. KRICHMAN and JAMES C. HOWELL, Individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE & CO., CHASE INVESTMENT SERVICES CORP., sometimes dba "JPMORGAN", JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations).<br><br>       Defendants. | Civil Action No. 1:06-CV-15305-GBD<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR STAY OF PROCEEDINGS** |

## I. PRELIMINARY STATEMENT

On November 25, 2008, Defendants Chase Investment Services Corporation and JPMorgan Chase & Co. (collectively, "CISC") filed a motion with the Judicial Panel on Multidistrict Litigation (the "Panel" or "JPML"), pursuant to 28 U.S.C. § 1407, asking the Panel to transfer this and two other matters to the District of New Jersey for consolidated and coordinated pretrial proceedings with another consolidated matter already pending in that court.[1] Each of the actions CISC moved to centralize for coordination and consolidation of pretrial proceedings (collectively referred to as the "CISC FA Overtime Cases") involves claims for overtime and other wages filed by former financial advisors employed by Chase Investment

---

[1] Pursuant to the Rule 5.12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, CISC filed copies of its motion to the Panel and supporting papers with this Court on November 25, 2008.

Services Corp. under the federal Fair Labor Standards Act and/or parallel state laws. The cases seek to proceed on behalf of overlapping putative classes and are asserted against the same defendants. Specifically:

- The instant case ("Krichman") asserts an overtime claim under the FLSA as a collective action on behalf of all other financial advisors employed by CISC nationwide and state law claims for overtime and unlawful wage deductions on behalf of all financial advisors employed by CISC in New York State;

- Bachrach and Kaufmann v. Chase Investment Services Corp., et al., Civil Action No. 06-2785, pending in the United States District Court for the District of New Jersey ("Bachrach/Kaufmann"), asserts state law claims for overtime and unlawful wage deductions and duplicative common law claims on behalf of all persons who worked as financial advisors for CISC in New Jersey during the applicable period;

- Simel v. JPMorgan Chase, et al., Civil Action No. 05-9750, pending in this Court ("Simel"), asserts claims for overtime under the FLSA on behalf of all persons who worked as financial advisors for CISC in New York State during the applicable period; and

- Curry v. J.P. Morgan Chase & Co, et al., Civil Action No. 07-6149, pending in the United States District Court for the Northern District of Illinois ("Curry"), asserts an overtime claim under the FLSA as a collective action on behalf of all financial advisors employed by CISC nationwide, and state law claims for overtime and unlawful wage deductions on behalf of all financial advisors employed by CISC in Illinois.

CISC seeks to transfer all of the CISC FA Overtime Cases to the District of New Jersey because, among other reasons, it has advanced the furthest among the CISC FA Overtime Cases. Specifically, plaintiffs in that case filed a motion for class certification. After considering the extensive evidence and arguments of the parties, on November 1, 2007, Judge William J. Martini of the District of New Jersey denied the plaintiffs' motion. See Bachrach v. Chase Inv. Servs. Corp., 2007 U.S. Dist. LEXIS 80927 (D.N.J. Nov. 1, 2007). On March 12, 2008, Bachrach and Kaufmann filed an interlocutory appeal of Judge Martini's order denying class certification after the Third Circuit Court of Appeals granted their petition to appeal the order pursuant to Rule 23(f) of the Federal Rules of Civil Procedure on March 6, 2008. The plaintiffs' appellate brief is due December 22, 2008.

By contrast, the instant matter has not advanced beyond the pleadings. CISC's motion for partial dismissal is pending. The parties have not exchanged or requested any discovery and Plaintiffs have not moved for class or conditional collective action certification. Both Plaintiffs have, however, actively participated in the Bachrach/Kaufmann litigation in the District of New Jersey by submitting a sworn declaration in support of the plaintiffs' motion for class certification in that action. Further, Plaintiffs' counsel appeared at two mediation sessions before the Appellate Mediation Program for the Third Circuit in the Bachrach/Kaufmann action, and have stated their intention to work with the Bachrach/Kaufmann plaintiffs' counsel on their Third Circuit briefs. Thus, rather than making any efforts to move this case forward, Plaintiffs instead have opted to coordinate their efforts with the plaintiffs in Bachrach/Kaufmann to move that case forward.

CISC has moved to centralize the CISC FA Overtime Cases in one district court to eliminate duplicative proceedings, conserve judicial resources, and avoid the possibility of inconsistent pretrial rulings. For these same reasons, CISC respectfully requests that the Court stay this action until the JPML rules on CISC's motion for transfer, and adjourn the cases management conference currently scheduled for December 2, 2008. Indeed, courts within this district routinely stay proceedings to allow the JPML to rule on transfer motions.

**II.     ARGUMENT**

    **A. Applicable Legal Standards**

The Supreme Court has recognized that "the power to stay proceedings is incidental to the power in every court to control the disposition of causes on its docket." Regions Bank v. Weider & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)). As part of its general power to administer its docket, a district court may stay a suit that is duplicative of another federal court suit. See Curtis v.

3

Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." Id.  "[T]he general principle is to avoid duplicative litigation" in the interests of judicial economy and protect parties from "the vexation of concurrent litigation over the same subject matter." Id.  See also Regions Bank, 170 F. Supp. 2d at 439.

"[W]here it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even where the issues in the independent proceeding are not necessarily controlling of the action before the court." Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005); In re Literary Works in Electronic Databases Copyright Litig., 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001).

### B. These Proceedings Should Be Stayed Pending Decision of the JPML on CISC's Request For Transfer.

For practical reasons, courts routinely stay cases when a party has moved the JPML to transfer and consolidate it with other cases. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).  Accord Kollar v. Conagra Foods, 2007 WL 1774679, at *1 (W.D.N.Y. Jun. 18, 2007); Fortune v. Merck & Co., 2005 WL 277689, at *1 (D. Minn. Jan. 20, 2005); Calder v. A.O. Smith Corp., 2004 WL 1469370, at *1 (D. Minn. Jun. 1, 2004); Kiffe v. Bristol-Myers Squibb, 2003 WL 1462839, at *1 (E.D. La. Mar. 19, 2003).  See also Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000) ("[I]t may be advisable to defer certain matters until the panel has the opportunity to rule on transfer").  "Deference to the JPML for resolution of [certain pretrial] matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." Calder, 2004 WL 1469370, at *1.  See also 15 Wright, Miller & Cooper, Federal Practice and Procedure

4

§ 3866.1 (3rd ed. 2007) ("[D]istrict courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute").

Courts generally agree that, where it is at least "plausible" that the JPML will order transfer, see Toppins v. 3M Co., 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006), a stay is proper to avoid wasting the transferring court's scarce judicial resources. See Rivers, 980 F. Supp. at 1360-61 ("[T]his court will have needlessly expended its energies familiarizing itself with the intricacies of a case that will be heard by another judge").  In this matter, it is highly likely that the Panel will transfer this and the other CISC FA Overtime Cases to a single district court for coordinated and consolidated pretrial proceedings.  Indeed, the Panel has routinely centralized other cases involving putative class and collective action claims for overtime on behalf of financial advisors or other similar categories of employees.  See In re Banc of America Inv. Servs., Inc. Overtime Pay Litig., 466 F. Supp. 2d 1353 (J.P.M.L. 2006) (plaintiffs in all actions asserted similar claims under the FLSA and or state laws on behalf of groups of individuals who worked as financial advisors for the defendant); In re Morgan Stanley & Co., Inc., Overtime Pay Litig., 471 F. Supp. 2d 1353 (J.P.M.L. 2006) (centralizing multiple putative class and collective actions on behalf of overlapping groups of financial advisors); In re Wachovia Secs., LLC, Wage and Hour Litig., 469 F. Supp. 2d 1346 (J.P.M.L. 2006) (centralizing lawsuits that asserted overtime claims on behalf of overlapping classes of the defendants' financial advisors). See also In re Novartis Wage and Hour Litigation, 460 F. Supp. 2d 1382 (J.P.M.L. 2006) (centralizing two actions alleging that the defendant violated state overtime laws with respect to overlapping

putative classes of pharmaceutical sales representatives); In re GMAC Ins. Mgmt. Corp. Overtime Pay Litig., 342 F. Supp. 2d 1357 (J.P.M.L. 2004) (centralizing two FLSA collective actions seeking overtime pay for claims adjusters).

Several reasons strongly support the Panel centralizing the CISC FA Overtime Cases before one judge in a single district court for pretrial purposes. Centralizing the actions will promote the just and efficient conduct of the actions by eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel and the judiciary. In particular, the potential for duplicative motions and conflicting decisions on issues relating to class or collective action certification strongly support transferring the CISC FA Overtime Cases to one district court for consolidated pretrial proceedings. See, e.g., In re Cement & Concrete Antitrust Litig., 465 F. Supp. 1299, 1301 (J.P.M.L. 1979) ("Transfer is especially important to ensure consistent treatment of the class action issue").

For the same reasons, staying this matter until the Panel reaches its decision with respect to CISC's motion for transfer also would promote judicial efficiency and fairness to the parties. The parties and their counsel could avoid engaging in duplicative discovery, while the Court could avoid devoting further resources to a matter that is likely to be transferred to another court for coordinated and consolidated pretrial proceedings. These factors substantially dwarf any minimal prejudice a party may purport to suffer as a result of a short delay pending the Panel's resolution of the transfer motion. This is particularly true in this action, where no discovery has been conducted, Plaintiffs have not filed motions for class or conditional action certification, and Plaintiffs already have opted to actively participate in the Bachrach/Kaufmann action in the District of New Jersey rather than moving this case forward.

## III. CONCLUSION

For the foregoing reasons, CISC respectfully requests that the Court enter an order staying these proceedings until the JPML rules on the pending request to transfer this action to the District of New Jersey and adjourn the case management conference currently scheduled for December 2, 2008.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /S/ Sam S. Shaulson |
| DATED:  November 26, 2008 | Sam S. Shaulson (SS 0460)<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY<br>212.309.6000<br>212.309.6001 (fax) |
|  | Counsel for Defendants<br>Chase Investment Services Corp. &<br>JPMorgan Chase & Co. |